IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES HULSEY,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:09-CV-207-A |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Hulsey, TDCJ #1118103, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rusk, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2002 Hulsey was indicted for aggravated assault with a deadly weapon against Dorothy

Wheeless and Henry Taylor in the Criminal District Court Number Three of Tarrant County, Texas. (1State Habeas R. at 85; 2State Habeas R. at 82)[1] On July 31, 2002, a jury found Hulsey guilty of the offenses, and, on August 1, 2002, the trial court assessed his punishment at thirty years' confinement in each case. (1State Habeas R. at 86; 2State Habeas R. at 83) The Second District Court of Appeals of Texas affirmed the trial court's judgments on October 30, 2003. *Hulsey v. Texas*, Nos. 02-02-310-CR & 02-02-311-CR, slip op. (Tex. App.–Fort Worth Oct. 30, 2003, no pet.) (not designated for publication). Hulsey did not file a petition for discretionary review. (Petition at 3) He did however, on October 18, 2007, file two state habeas applications, one for each conviction, raising one or more of the claims raised herein, which were denied on February 20, 2008, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. This federal petition for writ of habeas corpus challenging his 2002 convictions was filed on March 31, 2009.[2] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Hulsey filed a reply.

### D. STATUTE OF LIMITATIONS

Quarterman asserts that Hulsey's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Response at 3-6) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] "1Clerk's R." refers to the record in Hulsey's state habeas application no. WR-24,712-05; "2Clerk's R." refers to the record in his state habeas application no. WR-24,712-06.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Hulsey's convictions became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on December 1, 2003, and closed on December 1, 2004[3], absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Hulsey's state habeas applications, filed after limitations had already

---

[3]Thirty days after the appellate court's affirmance was November 29, 2003, a Saturday.

3

expired, did not operate to toll the limitations period under the statutory provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Hulsey alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Hulsey contends his mental incompetence and recurrent psychiatric features before and during his trial and during his continued incarceration in psychiatric facilities prevented him from timely pursing his legal rights, thereby warranting equitable tolling. (Petition at 8-10) He asserts that he met and befriended another inmate who has assisted him by preparing his legal pleadings in state and federal court. Hulsey makes only conclusory assertions however regarding the current nature and extent of his incapacity and mental illnesses or whether medication has improved his mental condition. Nevertheless, his continued incarceration in psychiatric facilities is some evidence that he continues to suffer from some mental defect. Thus, assuming he could demonstrate "rare and exceptional circumstances" for missing the federal habeas deadline, a petitioner also must pursue his claims diligently to justify equitable tolling of the statute of limitations. *See Coleman v. Johnson*, 184 F.3d 398, 401-02 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Hulsey was not diligent in his pursuit of federal habeas relief because after being notified that his state habeas applications were denied, he waited over a year to file his § 2254 petition. *See Hill v. Johnson*, 265 F.3d 1059, 2001 WL 872797, at *1 (5th Cir. July 6, 2001) (not designated for publication in the Federal Reporter).

Hulsey's federal petition was due on or before December 1, 2004. Accordingly, his petition filed on March 31, 2009, is untimely.

4


## II.  RECOMMENDATION

Hulsey's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 25, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 25, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 4, 2009.

          /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE