IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES HULSEY, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-207-A |
| | § | |
| RICK THALER,[1] DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

O R D E R

In response to the directives contained in the August 12, 2009, order in the above-captioned action, respondent, Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, filed under seal on September 22, 2009, seven volumes of mental health records pertaining to applicant, James Hulsey, covering the time period of December 2001 through the current date, with some omissions that the court does not consider to be relevant to the issues to be decided by the court. The critical time period starts December 1, 2003,

---

[1] The court has been informed that Rick Thaler has succeeded Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Therefore, Rick Thaler is automatically substituted for Nathaniel Quarterman as a party. See Fed. R. Civ. P. 25(d)(1).

which is the date on which applicant's judgment of conviction became final by expiration of the time for seeking direct review.

The court questions that it was furnished all records pertaining to applicant's mental health care and treatment for the years 2003 and 3004. So far as the court can determine, only one page of the 1,106 pages of records in the seven volumes pertains to any care or treatment of applicant during the year 2003. See Vol. V at 623 (pertaining to a December 29, 2003, assessment of applicant at the Health Services Division of the Texas Department of Criminal Justice). And, the court only finds four pages of records pertaining to any care or treatment of applicant during the year 2004. See Vol. V at 624-27 (pertaining to an assessment of applicant at University of Texas Medical Branch Correctional Managed Care, Mental Health Services in early 2004). However, the court has what appear to be rather complete records of applicant's care and treatment through the criminal justice system throughout the years 2005-2008.

The records reflect that applicant has been diagnosed with rather serious mental conditions, but that the symptoms of his conditions were kept reasonably well under control by medication throughout the years 2005-2008. Throughout most of that time applicant was successfully participating in weekly therapy

sessions. The notations of those sessions generally speaking indicate that he was attentive and responsive during the sessions and participated appropriately.[2] See, e.g., Vol. V at 702, 712.

Entries in the records indicate that applicant had the ability, notwithstanding his mental problems, to think about and deal with his personal situations in an effective manner. See, e.g., Vol. V at 654 ("Patient is to write Social Security to see if, since he has been declared disabled by them previously, it would be possible for his two young children to receive benefits (his older children received this in the past)."); Vol. 5 at 768 ("Patient's primary expressed concern at this time involves his serving 30 yr aggravated sentence and inability to this point to find a way to get his sentence reduced. He has served 5 years of his time thus far. Reports lengthy history of mental illness but feels he is doing well on his present meds."); Vol. III at 498, 503-04 (written requests dated October 18, 2006, September 4,

---

[2]Of interest is an October 25, 2007, entry concerning applicant's mental status, saying:

Patient was oriented x4, Mood somber with congruent affect, behavior calm and plite [sic]. Patient was neither delusional nor experiencing hallucinations. Thoughts logical, speech clear and goal directed. No suicidal or homicidal ideations. Judgement and insight were fair.

Vol. VI at 880.

3

2007, and September 27, 2007, by applicant for copies of certain of his medical records).

An entry dated December 10, 2007, provides insight into applicant's consciousness of complaints he might have against his former attorney:

> Patient attended therapy session at his request.
>
> Problems/issues addressed: patient's feelings of irritation and anger with his former attorney who the patient believes blatantly lied in his defense to the patient's appeal which is based on ineffective legal representation.

Vol. VI at 890.

The court is unable to find anything in the volumes of medical records provided by respondent that would cause the court to believe that any incapacity or mental illness of applicant would provide basis for equitable tolling of the § 2244(d) limitations period. To the contrary, the medical records convince the court that nothing about applicant's mental condition or the treatment he received therefor provides justification for the untimely filing of his state habeas applications in October 2007 or provides basis for equitable tolling of the statute of limitations so as to excuse the untimely filing of the habeas application under consideration in March 2009.

4

Therefore, the court adopts the proposed findings and conclusions and the recommendation of the magistrate judge, and,

The court ORDERS that the application for writ of habeas corpus (titled "Petition for Writ of Habeas Corpus by a Person in State Custody") by which this action was initiated on April 9, 2009, be, and is hereby, dismissed with prejudice as time-barred.

SIGNED September 23, 2009.

_____
JOHN McBRYDE
United States District Judge